**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1296-15T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANDREW J. FEDE,

    Defendant-Appellant.

_____

        Submitted March 7, 2017 — Decided  July 10, 2017

        Before Judges Reisner and Sumners.

        On appeal from Superior Court of New Jersey,
        Law Division, Bergen County, Docket No. 004-
        04-15.

        Martyrson Imbert, and Andrew Ucheomumu (The
        Ucheomumu Law Group) of the Maryland Bar,
        admitted pro hac vice, attorneys for appellant
        (Mr. Imbert and Mr. Ucheomumu, on the brief).

        Gurbir S. Grewal, Bergen County Prosecutor,
        attorney for respondent (Elizabeth Rebein,
        Assistant Prosecutor, of counsel and on the
        brief).

PER CURIAM

Defendant Andrew J. Fede appeals his conviction for obstruction of justice, N.J.S.A. 2C:29-1, following a trial de novo in the Law Division. We affirm.

We summarize the facts pertinent to our review. On March 16, 2015, Cliffside Park Police officers responded to a 911 call reporting a domestic dispute involving a male and a female at an apartment on Palisades Ave. After the police knocked on the apartment door, defendant partially opened the door, keeping a chain lock engaged. The police repeatedly requested to enter to determine if there was an injured person needing assistance, but defendant refused in an angry, uncooperative, and hostile manner. Defendant acknowledged that a woman lived with him in the apartment but stated she was not present, and that police needed a search warrant to enter.

At one point, when defendant told the police that he would not allow them entry, one of the officers replied, "Sir if you let us in, if you let us look, then you can sign a complaint against all of us." Defendant repeated that the police needed a search warrant to enter. Eventually, one of the police officers used a baton to break the chain, and a subsequent search of the apartment

revealed that no female was present. Defendant was arrested and charged with obstruction of justice.[1]

The municipal court judge found there was sufficient evidence beyond a reasonable doubt that defendant was guilty of obstruction of justice. Specifically, he determined that police had a right to enter the apartment under the emergency-aid doctrine to investigate a 911 report of domestic violence.

Upon a trial de novo on the record, Judge Frances A. McGrogan found defendant guilty anew. In her written decision, she rejected defendant's argument that the municipal court judge erred in finding that defendant had a duty to unchain his door lock to allow police to conduct a warrantless search of his home. Similar to the municipal court, Judge McGrogan reasoned that the police

---

[1] N.J.S.A. 2C:29-1(a), provides that:

> A person commits an offense if he purposely obstructs, impairs or perverts the administration of law or other governmental function or prevents or attempts to prevent a public servant from lawfully performing an official function by means of flight, intimidation, force, violence, or physical interference or obstacle, or by means of any independently unlawful act. This section does not apply to failure to perform a legal duty other than an official duty, or any other means of avoiding compliance with law without affirmative interference with governmental functions.

A-1296-15T4

had a reasonable basis to believe there was a need to enter the apartment to aid a possible harmed person, but that "defendant prevented the officers from entering his apartment by purposefully refusing to unchain his door, thereby creating an obstacle, which prevented the police from performing their official function [in violation of N.J.S.A. 2C:29-1(a)]." The judge noted that "[w]ithout further investigation, the police had no way of knowing whether there was an injured person outside their line of sight. Once the officers explained their purpose, [defendant had] an obligation to allow [them] into his home without interference."

Before us, defendant argues that:

> I. UNDER THE FOURTH AMENDMENT OF THE UNITED STATES CONSTITUTION, IT IS NOT A CRIME FOR ANYONE TO REFUSE TO UNCHAIN THEIR DOOR FOR THE POLICE TO CONDUCT A WARRANTLESS SEARCH.
>
> II. THE COURTS ERRED WHEN THEY HELD THAT THE APPELLANT'S REFUSAL TO UNCHAIN THE DOOR LOCK TO HIS APARTMENT TO ALLOW THE POLICE TO CONDUCT A WARRANTLESS SEARCH OF HIS HOME IS AN OBSTRUCTION OF JUSTICE UNDER NEW JERSEY LAW AND THE FOURTH AMENDMENT OF THE UNITED STATE[S].

"We begin our review with the well-settled proposition that appellate courts should give deference to the factual findings of the trial court." State v. Reece, 222 N.J. 154, 166 (2015) (citing State v. Locurto, 157 N.J. 463, 470-71 (1999)). When the Law Division conducts a trial de novo on the record developed in the

municipal court, our appellate review is limited. <u>State v. Clarksburg Inn</u>, 375 <u>N.J. Super.</u> 624, 639 (App. Div. 2005).

Because the Law Division judge is not in a position to gauge the credibility of witnesses, he or she should "give due, although not necessarily controlling, regard" to the credibility findings of the municipal court judge. <u>Ibid.</u> (quoting <u>State v. Johnson</u>, 42 <u>N.J.</u> 146, 157 (1964)). Furthermore, when the Law Division agrees with the municipal court, the two-court rule must be considered. "Under the two-court rule, appellate courts ordinarily should not undertake to alter concurrent findings of fact and credibility determinations made by two lower courts absent a very obvious and exceptional showing of error." <u>Reece</u>, <u>supra</u>, 222 <u>N.J.</u> at 166 (quoting <u>Locurto</u>, <u>supra</u>, 157 <u>N.J.</u> at 474). However, an appellate court does not afford any special deference to the legal determinations of the trial court. <u>Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co.</u>, 224 <u>N.J.</u> 189, 199 (2016).

Having considered defendant's contentions and the applicable legal principles, we affirm substantially for the reasons stated in Judge McGrogan's written decision. We add only that further support is found in <u>Reece</u>, <u>supra</u>, 222 <u>N.J.</u> at 171-72, where our Supreme Court held that a defendant is guilty of obstruction of justice by attempting to close a door on police officers to prevent them from lawfully performing an official function under the

emergency-aid doctrine. Defendant's appellate arguments are without sufficient merit to warrant further discussion. R. 2:11-3(e)(2).

Affirm.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION